UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELINDIA JACKSON,

     Plaintiff,

v.

UNITED STATES DEPARTMENT OF
HOUSING AND URBAN
DEVELOPMENT,

     Defendant.

_____/

Hon. Robert J. Jonker

Case No. 1:16-cv-00461-RJJ-PJG

## **REPORT AND RECOMMENDATION**

Plaintiff Melindia Jackson brought this action against the Office of Administrative Law Judges (ALJs) of the U.S. Department of Housing and Urban Development (HUD). She is claiming "violations and failure to comply with the rules and guidelines" regarding her foreclosed home mortgage, which resulted in her eviction in March 2016. (Complaint, ECF No. 1, PageID.2). Plaintiff seeks damages for emotional distress she claims resulted from fraudulent and predatory lending practices committed by the lender, Wells Fargo, and it successor, U.S. National Bank and Trust. (*Id.*, PageID.3). Among the non-monetary relief sought, plaintiff would like to get her house back, or in the alternative, to obtain a new loan modification. (*Id.*).

This matter is now before the Court on defendant HUD's motion to dismiss for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil

Procedure 12(b)(1), or in the alternative for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6). (ECF No. 12). Defendant argues that plaintiff's claims against the HUD ALJs are barred by absolute immunity; that she has failed to provide a legal basis for any putative *Bivens* claim against HUD employees, including the ALJs; and that she has failed to demonstrate that the United States has waived its sovereign immunity regarding the putative tort claims in her complaint.

## Plaintiff's Allegations

Plaintiff's two-page complaint is less than a model of clarity. Reading it indulgently, the following factual allegations can be gleaned.

Plaintiff obtained an FHA mortgage on her home from Wells Fargo, and she subsequently went into default on the loan. Foreclosure proceedings followed. An order of eviction was signed (by an unidentified judge in an unspecified court) on March 3 or 4, 2016, without plaintiff having received proper legal notice. Plaintiff alleges that, on March 1, 2016, she had requested a delay in the eviction until all court proceedings were completed. She states that she had faxed a letter to the mortgage company (plaintiff does not provide the contents of the letter), and she had been told she would receive a response. Instead, and without notice, on March 7, 2016, she found herself locked out of her home and someone had disposed of all her belongings.

Plaintiff claims that a number of individuals engaged in fraudulent activity relating to her mortgage, the foreclosure proceedings, and her attempts to obtain a

loan modification, including "the Judges and attorneys involved at Orlans Associates Elizabeth Abood-Carroll (Wells Fargo's attorneys) that were working for Wells Fargo and Wachovia." (Complaint, PageID.2). Plaintiff states her belief that the mortgage was "deliberately put into a default" because it was a "federal loan." (*Id.*).

Plaintiff does not provide any specific allegations regarding anything she claims any ALJ did regarding the foreclosure of her mortgage; nor does she indicate whether the "judges" referenced in the complaint are federal, state, or administrative law judges. She simply claims that HUD's ALJs "violat[ed] and fail[ed] to comply with the rules and guidelines in this loan." (*Id.*).

Plaintiff states her belief that certain unidentified "people have been paid off to dismiss [her] concerns." (*Id.*, PageID.3). She claims that some unidentified person or agency has denied her FOIA requests regarding a March 15, 2016, telephone conversation and a "new" eviction order. (*Id.*, PageID.2). Plaintiff asks the Court to subpoena records of telephone calls that occurred on November 3, 2016, and March 15, 2016. (*Id.*, PageID.3). Nowhere in the complaint does plaintiff identify the participants or the contents of these telephone calls; nor does she identify the judge who signed the eviction order.

Plaintiff seeks damages in the amount of $900,000 for emotional distress. She asks for a copy of the "new" eviction order, and she asks to get her house back, if possible. If she cannot get her house back, plaintiff asks to be given a new loan modification. (*Id.*).

<u>**Standards**</u>

A challenge to subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) may be a facial attack, challenging the sufficiency of the complaint's allegations, or a factual attack, challenging the fact of subject matter jurisdiction. In considering a facial attack, a court must accept as true the factual allegations in the complaint. *See Rote v. Zei Custom Mfg., Inc.*, 816 F.3d 383, 388 (6th Cir. 2016). A "factual attack," however, "challenges the factual existence of subject matter jurisdiction." *Cartwright v. Carter*, 751 F.3d 752, 759 (6th Cir. 2014). "In the case of a factual attack, a court has broad discretion with respect to what evidence to consider in deciding whether subject matter jurisdiction exists, including evidence outside of the pleadings, and has the power to weigh the evidence and determine the effect of that evidence on the court's authority to hear the case." *Id.* In a factual attack, no presumptive truthfulness applies to the factual allegations, and the court may weigh the evidence concerning jurisdiction and consider affidavits and other evidence outside the pleadings to resolve factual disputes about jurisdiction. *See Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 440 (6th Cir. 2012). "As always, the party invoking federal jurisdiction has the burden to prove that jurisdiction." *Global Tech., Inc. v. Yubei (XinXiang) Power Steering Sys. Co.*, 807 F.3d 806, 810 (6th Cir. 2015).

In considering a motion to dismiss under Rule 12(b)(6), the court construes the complaint in the light most favorable to the plaintiff; accepts as true the plaintiff's factual allegations; and determines whether the complaint "contain[s] sufficient

factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation and citation omitted). "A claim has facial plausibility when the plaintiff pleads factual conduct that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint . . . has not 'show[n] that the pleader is entitled to relief'." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see Estate of Berry v. PNC Bank, Nat'l Ass'n*, 714 F.3d 920, 224 (6th Cir. 2013).

Complaints filed by *pro se* litigants are held to "less stringent standards than formal pleadings drafted by lawyers." *Kent v. Johnson*, 821 F.2d 1120, 1223 (6th Cir. 1987). But even a *pro se* plaintiff must "plead [ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## DISCUSSION

Having read, and re-read plaintiff's complaint, it remains difficult to discern what causes of action she is attempting to bring, and against whom. As the complaint names only HUD's Office of ALJs as a party defendant, it is appropriate to limit the analysis of the issues in the pending motion to dismiss to any putative

claim plaintiff has articulated against that Office.[1]  To be sure, the only allegation

of wrongdoing that is directed against the HUD ALJs is that they "violat[ed] and

fail[ed] to comply with the rules and guidelines in [her FHA] loan." (Complaint,

PageID.2).  Plaintiff does not identity any decision an ALJ has allegedly made;

much less does she indicate how that decision violated any rules and regulations.

ALJs are entitled to absolute judicial immunity.  Accordingly, plaintiff's

complaint fails to state a claim upon which relief can be granted against them.  *See*

*Davis v. Shumaker*, No. 1:08-cv-891, 2009 WL 2381961, at *2 (W.D. Mich. July 31,

2009) (noting that an argument involving an assertion of judicial immunity is

properly considered as a Rule 12(b)(6) motion to dismiss); *see also Brookings v.*

*Clunk*, 389 F.3d 614, 616-17 (6th Cir. 2004) (reviewing a claim of judicial immunity

within the context of a Rule 12(b)(6) motion).  To the extent plaintiff seeks to amend

her complaint, through her response to the motion to dismiss, her efforts would be

futile.  None of these new-found allegations withstand analysis under the

Rule 12(b)(1) or 12(b)(6) standards.

---

[1] Plaintiff separately sued Wells Fargo for the foreclosure of the mortgage and the loss of her home, seeking $800,000 in damages.  *See Melindia Jackson v. Wells Fargo Home Mortg.*, No. 1:14-cv- 529-JTN (W.D. Mich.).  The factual allegations raised in that case are similar to those in the pending case.  *See id.*, Complaint, ECF No. 1, PageID.1; Amended Complaint, ECF No. 7, PageID.12-13.  On July 10, 2014, the Court dismissed plaintiff's complaint in the *Wells Fargo* case for failure to state a claim upon which relief can be granted.  *See id.*, Order Adopting Amended Report and Recommendation, ECF No. 10, PageID.18.

## I.     HUD's ALJs Are Entitled to Absolute Immunity

ALJs are cloaked with absolute immunity for damages arising from their judicial acts. *Butz v. Economou*, 438 U.S. 478, 515 (1978). In *Butz*, the U.S. Department of Agriculture (USDA) filed an administrative complaint, alleging that Mr. Butz failed to maintain the minimum financial requirements for commodity futures commission merchants. *Id*. at 481. A series of administrative proceedings followed, and, while the administrative complaint was pending, Mr. Butz filed a lawsuit in federal court seeking damages against several USDA employees, including the Judicial Officer and Chief Hearing Examiner. *Id*. The federal court complaint alleged retaliation based on Mr. Butz's criticism of the USDA's staff and operations, and it claimed that the USDA's administrative complaints against him were issued "without the notice or warning required by law." *Id*. at 482. Mr. Butz further alleged that the USDA issued a "deceptive" press release falsely indicating that his financial resources had deteriorated. *Id*. The USDA moved to dismiss the complaint on the basis that the federal officials are entitled to absolute immunity. *Id*. at 483, 485.

The Supreme Court ultimately held that absolute immunity applied to the administrative judges. It reasoned that the "adjudication within a federal administrative agency shares enough of the characteristics of the judicial process that those who participate in such adjudication should also be immune from suits for damages." *Id*. at 512-13. The Court further noted that "the conflicts which federal hearing examiners seek to resolve are every bit as fractious as those which

come to court." *Id.* at 513. Moreover, a "federal hearing examiner or administrative law judge is 'functionally comparable' to that of a judge." *Id.* Accordingly, the Court reasoned, ALJs and other persons "performing adjudicatory functions within a federal agency are entitled to absolute immunity form damages liability for their judicial acts." *Id.* at 514.

The only defendants plaintiff names in her complaint are ALJs within HUD. While it is unclear from her complaint what cause of action plaintiff is seeking to pursue against the ALJs, it is evident that it would be barred by absolute judicial immunity. Accordingly, the complaint should be dismissed for failure to state a claim upon which relief can be granted.

## II. Plaintiff's Effort to Amend Her Complaint is Futile

In her one-page response to the motion to dismiss, plaintiff appears to be seeking leave of Court to amend her claim for "[e]motional [d]istress and pain and suffering," noting that HUD is the guarantor of her home mortgage. (Pltf's Br., ECF No. 15, PageID.38). Plaintiff recites a number of contacts she had with HUD employees. It appears that plaintiff is alleging that the employees failed to assist her in resolving what she claims were deceptive practices of the banks involved with her mortgage. (*Id.*). Plaintiff states that she "feel[s] that HUD and their agents have been on the side of the Banks," despite the fact that the banks have been sanctioned for fraudulent and deceitful mortgage practices. (*Id.*).

Putting aside the procedural irregularities of plaintiff's efforts to amend her complaint,[2] any proposed amendment would be futile.[3] Plaintiff's putative claims against HUD for fraud or emotional distress would be barred by sovereign immunity. Moreover, they fail to state a claim upon which relief can be granted.

Plaintiff's exclusive remedy for any tort claim against HUD employees is in an action against the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671, *et seq.* But the FTCA explicitly excludes fraud and misrepresentation claims from the United States' waiver of sovereign immunity. *See* 28 U.S.C. § 2680(h).

Sovereign immunity "shields the United States from suit absent a consent to be sued that is 'unequivocally expressed.' " *United States v. Bormes*, 568 U.S. 6, 9 (2012). Only Congress has the power to waive this immunity. *Southern Rehab. Group, P.L.L.C. v. Secretary of Health & Human Servs.*, 732 F.3d 670, 676 (6th Cir.

---

[2] Plaintiff may not amend her complaint through argument in her responsive brief. *See Gilmour v. Gates, McDonald and Co.*, 382 F.3d 1312, 1325 (11th Cir. 2004); *Shanahan v. City of Chicago*, 82 F.3d 776, 781 (7th Cir. 1996); *see also Begala v. PNC Bank, Ohio Nat'l Ass'n*, 214 F.3d 776, 784 (6th Cir. 2000) (affirming denial of leave to amend complaint, which was raised in opposition to motion to dismiss). Moreover, given that more than 21 days had elapsed since defendant HUD filed a motion to dismiss, plaintiff must obtain either defendant's written consent or leave of court to amend her complaint. *See* FED. R. CIV. P. 15(a).

[3] A motion to amend the complaint may be denied if the amendment would be futile. *See, e.g., Thiokol Corp. v. Department of Treasury*, 987 F.2d 376, 383 (6th Cir. 1993) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). A proposed amendment is futile if it would not withstand a motion to dismiss. *See, e.g., Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000); *Head v. Jellico Housing Auth.*, 870 F.2d 1117, 1123 (6 th Cir. 1989) (citing *Martin v. Associated Truck Lines, Inc.*, 801 F.2d 246, 248 (6th Cir. 1986)).

2013).  Any such waiver of sovereign immunity "must be unequivocally expressed in statutory text . . . and will not be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996). "[A] waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign." *Lane*, 518 U.S. at 192.  Waivers of sovereign immunity must be strictly construed, with any reasonable doubts resolved in the government's favor.  *See Ford Motor Co. v. United States*, 768 F.3d 580, 586 (2014).

To assert any claim for emotional distress plaintiff must first have exhausted her administrative remedies.  The FTCA requires such exhaustion before filing a claim in federal court seeking monetary damages.  *See* 28 U.S.C. § 2675(a).  Having failed to satisfy this requirement, plaintiff's putative emotional distress claim is barred by sovereign immunity.  Moreover, plaintiff's factual allegations concerning her efforts to communicate with HUD employees falls well short of establishing any cause of action against them for emotional distress.  To assert a *Bivens* claim,[4] plaintiff must show that the conduct of HUD employees "deprived [her] of a right, privilege, or immunity secured by the Constitution or the laws of the United States." *Parratt v. Taylor*, 451 U.S. 527, 535 (1981).  In her responsive brief, plaintiff fails to assert facts that would rise to the level of a constitutional violation.  Moreover, several courts have held that a tort claim for emotional distress does not give rise to a constitutional deprivation.  *See Stern v. New Haven Community Schools*, 529 F. Supp.

---

[4] *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 402 U.S. 388 (1971).

31, 34 (E.D. Mich. 1981); *Robinson v. McCorkle*, 462 F.2d 111, 114 (3d Cir. 1972); *Taylor v. Nichols*, 409 F. Supp. 927, 936 (D. Kan. 1976). Accordingly, the Court need not afford plaintiff an opportunity to amend her complaint, as any such effort would prove futile.

### Recommended Disposition

For the reasons set forth herein, I recommend that the Court grant defendant's motion to dismiss plaintiff's complaint, pursuant to Rule 12(b)(6), for failure to state a claim upon which relief can be granted. I also recommend that the Court deny plaintiff's request to amend her complaint based on futility.

Dated:  August 28, 2017                    /s/ Phillip J. Green
                                           PHILLIP J. GREEN
                                           United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).